## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | Case No. 23-11620-TBM |
| ERIC RALLS ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| IN RE: ) | Case No. 23-11621-TBM |
| EARTH.COM, INC. ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| IN RE: ) | Case No. 23-11622-TBM |
| EARTHSNAP, INC. ) | |
| ) | Chapter 11 |
| Debtor. ) | |

**OBJECTION TO PLANTSNAP INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The Debtors, Eric Ralls ("Ralls"), Earth.com, Inc. ("Earth"), and EarthSnap, Inc. ("ESI"), by and through their attorneys, Kutner Brinen Dickey Riley, P.C., state their Objection to PlantSnap Inc.'s Motion for Relief from the Automatic Stay ("Stay Motion") and DEJ Partners, LLC's Joinder as follows:

**INTRODUCTION**

1. Relief from the automatic stay is intended to be a summary proceeding used to determine whether the moving party has provided enough facts to establish that cause exists to warrant granting relief from stay to accord the creditor their requested relief – be it a foreclosure or continuing with state court litigation, as is the case here. Because it is a summary proceeding, the facts relevant to a motion for relief from stay are generally limited to the status of the pre-petition litigation, and the general nature of the claims asserted.

2. Despite a motion for relief from stay being a summary proceeding, PlantSnap, Inc. ("PlantSnap") devotes three-quarters of its Stay Motion to rehashing the allegations underlying their asserted claims and proceeding on a targeted attack of the Debtors, to which DEJ Partners, LLC ("DEJ") joins. The claims asserted by PlantSnap and DEJ are not currently before this Court and attempting to litigate their claims through allegations in pleadings does not place those claims at issue before the Court. Nonetheless, because of the incendiary nature of the allegations asserted,

1

the Debtors have responded to the allegations in their response below.

3. As set forth more fully herein, PlantSnap and DEJ have not established cause for relief from stay, as the Bankruptcy Court is the only court that accord full relief to the parties and the balance of harm weighs in favor the Debtor and his estate, and therefore the Stay Motion should be denied.

### BACKGROUND AND RESPONSES TO FACTUAL ALLEGATIONS

*Background of the Parties*

4. Ralls is an individual living in Telluride, Colorado and working in the technology field.

5. In 2016, Ralls formed PlantSnap and was the majority shareholder, director, and CEO from the formation of the company until his removal in 2021. PlantSnap owns a mobile application, developed by Ralls, that allows users to identify plants using their phone's camera. Under Ralls's leadership, PlantSnap was a successful application that grew rapidly, achieving tens of millions of downloads and was generating millions in revenue from advertisements and partnerships with gardening companies. Even to this date, yearly subscriptions initiated while Ralls was CEO generate millions in revenue for PlantSnap.

6. DEJ invested money into PlantSnap in or around February 2017.

7. In connection with DEJ's investment, Ralls guaranteed a Credit and Reimbursement Agreement, which agreement was secured by a lien on Ralls' shares in PlantSnap. Ralls also guaranteed an Amended and Restated Royalty Agreement

8. In February 2021, on the eve of Ralls negotiating and closing a large investment deal between PlantSnap and another company, DEJ purportedly demanded repayment of its loan to PlantSnap in the amount of approximately $12.4 million. When PlantSnap failed to pay the amounts due, on or about March 8, 2021, DEJ effectuated the transfer of Ralls's pledged shares, valued at approximately $27 million at the time, to DEJ.

9. Nine (9) days later, on March 17, 2021, PlantSnap, now under the control of DEJ, filed a Complaint in the Combined Court for San Miguel County, Colorado ("State Court"), Case No. 2021CV30005 ("State Court Litigation") against Eric Ralls and Earth.

10. At the same time, PlantSnap sought and obtained a restraining order against Ralls, prohibiting him from doing any additional work for, with, or on behalf of PlantSnap.

11. Following his removal from PlantSnap, Ralls turned his attention to his other business, Earth, and later developed EarthSnap.

12. Earth is web based index of databases containing news articles, videos, pictures, affiliate links, and other nature and earth related content. Earth's primary source of revenue is the advertising placed on its websites.

13. EarthSnap is a subsequent application developed by Ralls that allows users to identify plants and animals through the application, including detailed information about the identified species and links to Earth.com sites. The application also includes a robust community component, and was recently launched publicly on Apple and Google. While appearing on its surface to be similar to PlantSnap, EarthSnap includes significantly more components, more technology, and a complete rework of the technology used by applications used to identify plants and animals, such as PlantSnap, FlowerChecker, iNaturalist, PlantNet, and Plantix.

***Response to Specific Factual Allegations***

14. PlantSnap alleges that Earth was a party to a Rent to Own Agreement with Innovation HQ, pursuant to which Earth was to rent its domains from Innovation in exchange for a fee. PlantSnap further alleges that Earth defaulted on this agreement. While this is true, given that InnovationHQ is not a party to the State Court Litigation, is separately represented by competent counsel, and is asserting their own rights, Earth's relationship with InnovationHQ *has absolutely no bearing* on either the State Court Litigation, or on the Stay Motion.

15. PlantSnap further alleges that Earth is not profitable. Like Ralls, Earth has been pouring almost all of its revenue and loans to the company into attorney fees, causing financing difficulties to the company. While this is similarly true, Earth's business losses *have absolutely no bearing* on either the State Court Litigation or the Stay Motion, and, compounded with the significant attorney fees, are the cause of Earth's bankruptcy.

16. PlantSnap alleges that Ralls used PlantSnap's vendors and intellectual property to further Earth's operations. This allegation is not wholly accurate. At no point relevant hereto did PlantSnap have exclusive contracts with any vendors, and such vendors were therefore free to provide services to any entity to whom they so choose. Furthermore, Earth sources its material from any number of sources, including individuals who write articles for Earth.

17. The Debtors dispute that any intellectual property was stolen at any point and there

is no basis for PlantSnap to assert that at any point Earth was used in some form of fraud.

18. PlantSnap further reiterates arguments related to discovery violations. Those discovery violations have no bearing on the Stay Motion, particularly given the expressed intent of DEJ to conduct a Rule 2004 Examination of the Debtors.

19. PlantSnap and DEJ further asserts that "Ralls continued to perpetuate his fraud through three new entities[.]" This is false. The Debtors dispute any allegations of fraud, the newly formed entities were created to ensure that the business was run efficiently. Of Mr. Ralls's companies, two are debtors under the Bankruptcy Code, and the other two cannot afford to file their own cases.

20. PlantSnap further attempts to make much of the allegations regarding Ralls pleading the fifth during a deposition, having relied on the overcautious advice of prior counsel. What is not mentioned by PlantSnap is that after retaining new counsel, Ralls attempted to provide an errata to answer *each and every one of the questions asked* but instead of accepting the errata, PlantSnap and DEJ sought to have it stricken.

21. PlantSnap further seeks to demonize the Debtors for entering into contracts with new investors to fund the creation of EarthSnap. Those investors are separate parties, are not represented by PlantSnap, and to the extent they have claims against EarthSnap or Earth or Ralls, can file a Proof of Claim in their own right. By PlantSnap's apparent logic, following his removal from PlantSnap, Ralls was prohibited from earning revenue in the area in which he had developed an expertise even in the absence of a non-compete agreement. This allegation is absurd and has no bearing on the Stay Motion.

***Reason for Bankruptcy Filing***

22. As the litigation progressed, the Debtors expended more and more funds on attorney fees. The cost of the litigation caused significant financial issues as did the time required to focus on the litigation. Between the time and financial resources required for the litigation, Earth and EarthSnap were unable to continue their growth and generate revenue.

23. Faced with the prospect of continued litigation that the Debtors could not afford, with all prior counsel having withdrawn, the Debtors filed their voluntary petitions for relief under the bankruptcy code to get some breathing room, have a centralized, streamlined claims process, stem the losses from continued litigation, and continue as a going concern.

## LEGAL ARGUMENT

24. PlantSnap and DEJ seek relief from stay for cause pursuant to 11 U.S.C. § 362(d)(1), seeking to proceed with the State Court Litigation. Pursuant to 11 U.S.C. § 362(d)(1), the automatic stay may be *only* be modified upon a showing of "cause." *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987). Because the term "cause" is not defined in the Bankruptcy Code, "discretionary relief from the stay must be determined on a case by case basis." *Id.* (citing *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986) (quoting *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985)).

25. As stated by the Movants, when determining if cause exists to grant relief from the automatic stay to allow litigation to proceed in another forum, courts in the Tenth Circuit have applied the twelve factors set forth in *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984). *See Wilson v. Unioil (in re Unioil)*, 54 B.R. 192, 194-195 (D. Colo 1985) (stating that the *Curtis* factors have been widely adopted by bankruptcy courts).

26. The *Curtis* factors include:

> (1) Whether the relief will result in a partial or complete resolution of the issues;
> (2) The lack of any connection or interference with the Bankruptcy Case;
> (3) Whether the foreign proceeding involves the debtor as a fiduciary;
> (4) Whether a specialized tribunal has been established to hear the particular cause of action and the tribunal has the expertise to hear such cases;
> (5) Whether the debtor's insurance carrier has assumed the full financial responsibility for defending the litigation;
> (6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods;
> (7) Whether the litigation in another forum would prejudice the interest of other creditors, the creditors committee, and other interested parties;
> (8) Whether the judgment claim arising from the foreign action is subject to equitable subordination;
> (9) Whether the movant's success in the foreign proceeding would result in an avoidable judicial lien;
> (10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties;
> (11) Whether the foreign proceeding has progressed to the point where the parties are prepared for trial;
> (12) The impact of the stay on the parties and the balance of hurt.

*Curtis*, 40 B.R. at 799-800.

27. The analysis of the *Curtis* factors as applied to the present action weigh in favor of maintaining the automatic stay and denying the Movant's Motion for Relief from Stay.

**Factor 1: Whether the relief will result in a partial or complete resolution of the issues.**

28. PlantSnap and DEJ do not merely seek the liquidation of their claim for enforcement against the estate. Rather, as stated in the Stay Motion, PlantSnap and DEJ intend to file one or more Adversary Proceedings to have their claims declared nondischargeable, which necessarily requires a determination of both the validity and amount of any claim. As the determination on the dischargeability of a claim is in the exclusive jurisdiction of the Bankruptcy Court, full relief can only be provided by the Bankruptcy Court in this case.

29. PlantSnap and DEJ further state that they intend to use the State Court Litigation to obtain specific findings of fact that they then intend to use for preclusive effect. *See* Stay Motion at ¶ 76. In doing so, PlantSnap and DEJ seek to evade the Bankruptcy Court's exclusive jurisdiction to allow another court to determine dischargeability issues while taking advantage of the Debtor's inability to afford counsel in the State Court Litigation. Even with this attempt to evade the Bankruptcy Court's jurisdiction, granting relief from stay will necessarily create a duplication of effort and litigation in two forums.

30. Accordingly, because the Bankruptcy Court is the only court that provide full relief, Factor 1 weighs in favor of maintaining the automatic stay and the Stay Motion must be denied.

**Factor 2: The lack of any connection or interference with the Bankruptcy Case.**

31. PlantSnap and DEJ are directly connected to the Bankruptcy Case. The expense of litigation with PlantSnap and DEJ caused the financial issues that caused the Debtor's bankruptcy filing. They have already stated their intent to file an Adversary Proceeding to determine the dischargeability of their respective claims, and DEJ expressed its intent to proceed with Rule 2004 examination in the Bankruptcy Case. They are therefore deeply connected with the Bankruptcy Case.

32. The State Court Litigation will also interfere with the Bankruptcy Case. The time and expense of the State Court Litigation caused the Debtors' bankruptcy filing. If relief from stay is granted, not only will the litigation in State Court interfere with the Debtors' reorganization efforts, but there will be further interference from litigation in two forums based on the anticipated

filing of an Adversary Proceeding. The burden that this will cause will significantly impede the Debtors' reorganization efforts.

33. Accordingly, Factor 2 weighs in favor of maintaining the automatic stay and the Stay Motion must be denied.

**Factor 3: Whether the foreign proceeding involves the debtor as a fiduciary.**

34. The State Court Litigation does not involve the debtor as a fiduciary and Factor 3 is therefore inapplicable.

**Factor 4: Whether a specialized tribunal has been established to hear the particular cause of action and the tribunal has the expertise to hear such cases.**

35. The Bankruptcy Court is a specialized tribunal that has been established to determine issues related to pre-petition claims following a bankruptcy filing.

36. DEJ and PlantSnap have stated their intention to file a nondischargeability proceeding related to their claims. The Bankruptcy Court has exclusive jurisdiction over dischargeability of claims, and has jurisdiction to determine the extent, validity, and priority of claims against the estate.

37. The prior litigation in State Court does not give the State Court specialized knowledge or familiarity with respect to the claims asserted. Any orders on substantive issues issued by the State Court cannot be relitigated in Bankruptcy Court, almost all of the claims remain un-litigated. Instead of proceeding with litigation in two forums, it is in the best interests of the Debtors, their respective estates, and their creditors for the stay to be maintained and for the claims to be determined in one proceeding that can provide full relief in the Bankruptcy Court.

38. Accordingly, Factor 4 weighs in favor of maintaining the automatic stay and the Stay Motion must be denied.

**Factor 5: Whether the debtor's insurance carrier has assumed the full financial responsibility for defending the litigation.**

39. The Debtors do not have insurance coverage for the State Court Litigation. Thus, if relief from stay is granted, the Debtors are faced with the impossible choice to retain counsel that they cannot afford to the detriment of the estate, or to remain undefended knowing that remaining undefended will result in a default judgment that DEJ and PlantSnap will use for a preclusive effect on nondischargeability issues.

40. Accordingly, Factor 5 weighs in favor of maintaining the automatic stay and the Stay Motion must be denied.

41. Factor 6 is not applicable to the case at hand.

**Factor 7: Whether the litigation in another forum would prejudice the interest of other creditors, the creditors committee, and other interested parties.**

42. Litigation in another forum would prejudice the interests of other creditors, as PlantSnap and DEJ are attempting to get relief from stay in order to proceed with litigation in another forum that will create a duplication of efforts and the expense for which must either be born by the estate or result in a default judgment against the Debtors with the intent to use the default judgment for a preclusive effect.

43. The time expended to litigate in two forums will further cause significant harm to the Debtors' reorganization efforts and will further prejudice other creditors as a result.

44. Accordingly, Factor 7 weighs in favor of maintaining the automatic stay and the Stay Motion must be denied.

45. Factor 8 is not applicable to the case at hand.

**Factor 9: Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under section 522(f).**

46. While any judgment lien resulting from the State Court Litigation would likely not be avoidable pursuant to section 522(f) as the Debtors do not own any real property.

**Factor 10: The interest of judicial economy and the expeditious and economical determination of litigation for the parties**

47. The interests of judicial economy weigh in favor of resolving the issue in Bankruptcy Court. Only the Bankruptcy Court can determine both the amount and dischargeability of an unsecured claim.

48. Accordingly, Factor 10 weighs in favor of maintaining the automatic stay and the Stay Motion must be denied.

**Factor 11: Whether the foreign proceeding has progressed to the point where the parties are prepared for trial.**

49. The State Court Litigation was proceeding to trial, but the Debtors' bankruptcy cases were filed well in advance of trial, before parties had designated witnesses and exhibits for

trial.

50. Accordingly, Factor 10 weighs in favor of maintaining the automatic stay and the Stay Motion must be denied.

**Factor 12: The impact of the stay on the parties and the balance of hurt.**

51. The impact of the stay on the parties and the "balance of hurt" weighs significantly in favor of maintaining the stay. Granting PlantSnap and DEJ relief from stay will deprive the Debtors of the intended benefit of the stay and will result in significant additional costly litigation that the Debtors cannot afford.

52. Because PlantSnap and DEJ have made it abundantly clear that they intend to file nondischargeability proceedings, relief from stay creates litigation in two forums, and puts the Debtors in the position of having to find counsel they cannot afford or face a default judgement that DEJ and PlantSnap have already stated they intend to use for a preclusive effect.

53. This creates an inherently inequitable situation where if relief from stay is granted, the Debtors receive no relief from the Bankruptcy Case, are put back into litigation that they cannot afford and that DEJ and PlantSnap know that they cannot afford, and allows PlantSnap and DEJ to take advantage of this fact to obtain a default that they intend to use for a preclusive purpose in an Adversary Proceeding over dischargeability of their claims. This creates a significant harm to the Debtor.

54. Maintaining the automatic stay results in *no harm* to PlantSnap or DEJ. PlantSnap and DEJ may still file Proofs of Claim, at which point their claims will be "deemed allowed" pursuant to 11 U.S.C. § 502. PlantSnap and DEJ already intend to file Adversary Proceedings that will necessarily result in a determination of the same issues they are asking to return to State Court to litigate, but avoids the cost of litigation in two forums.

55. Accordingly, the balance of harm weighs heavily in favor of the Debtors, and the Stay Motion must therefore be denied.

**[remainder of page intentionally left blank]**

## CONCLUSION

56. PlantSnap and DEJ are attempting to use the Stay Motion to cast aspersions on the Debtor, litigate their claims through the allegations in the Stay Motion, and place the Debtors in the impossible situation wherein they cannot afford to defend the State Court Litigation but will have a default judgment used for preclusive effect if they do not, while also facing litigation in the Bankruptcy Court. The significant inequities that this situation produces and the harm to the Debtors, their estates, and their creditors, establish that PlantSnap and DEJ have failed to establish cause for relief from stay, and the Stay Motion must therefore be denied.

WHEREFORE, the Debtors pray that the Court make and enter an Order denying the Motion for Relief the Automatic Stay and for such further and additional relief as to the Court may appear proper.

DATED: May 25, 2023                                   Respectfully Submitted,


By:   *s/ Keri L. Riley*
Keri L. Riley, #47605
**KUTNER BRINEN DICKEY RILEY, P.C.**
1660 Lincoln Street, Suite 1720
Denver, CO 80264
Telephone: (303) 832-2400
Telephone: (303) 832-2910
Email: klr@kutnerlaw.com

Case:23-11620-TBM Doc#:35 Filed:05/25/23 Entered:05/25/23 21:29:39 Page11 of 11