**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| In re: <br><br> ERIC RALLS, <br><br> Debtor. | Case No. 23-11620-TBM <br><br> Chapter 11 |
| HI INVESTMENTS, LLC, <br><br> Plaintiff, <br> v. <br><br> ERIC RALLS, <br><br> Defendant. | Adv. Pro. No. __-_____-TBM |

**COMPLAINT FOR DETERMINATION OF DEBT, NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), AND (a)(6), AND FOR OTHER RELIEF**

HI Investments, LLC ("**HI**"), by and through its undersigned counsel, hereby submits the following *Complaint for Determination of Debt, Nondischargeability of Debt Under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6), and for Other Relief* ("**Complaint**") against Eric Ralls ("**Ralls**"), as more particularly set forth herein.

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(a) and (b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3. This proceeding has been brought in accordance with Bankruptcy Rules 7001(6), (7) and (9).

4. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I) and (J).

5. Pursuant to Bankruptcy Rule 7008, HI consents to adjudication and entry of final orders and judgments by this Court for any and all matters arising in or related to this adversary proceeding.

1

6. This Complaint is timely because the last date by which HI may oppose discharge or dischargeability is July 24, 2023. Case No. 23-11620-TBM, Docket No. 16.

## II. PARTIES

7. **Plaintiff**. HI is a Delaware limited liability company engaged in the business of consulting with, and investing in, entities that produce income through internet advertising and mobile application ("app") development.

8. **Defendant**. Upon information and belief, Ralls is a resident of the City of Telluride, Colorado and San Miguel County, Colorado. Ralls is or was at all times relevant hereto a shareholder, owner, officer, director, or otherwise a principal of the non-debtor entity, Digital Earth Media, Inc. (a Delaware corporation), and two debtor entities: Earth.com, Inc. (a Nevada corporation) and EarthSnap, Inc. (a Delaware corporation). As the sole officer of each entity, Ralls was at all times relevant hereto the person in control of the finances and financial decisions of Digital Earth Media, Inc.; Earth.com, Inc.; and EarthSnap, Inc.

9. Ralls and his above-referenced entities are each the alter egos of the other and are jointly and severally liable for the acts and omissions detailed herein.

10. On April 19, 2023, Ralls filed a voluntary petition for relief under chapter 11, subchapter V of the Bankruptcy Code before this Court, Case No. 23-11620-TBM. Earth.com, Inc. ("**Earth**") and EarthSnap, Inc. ("**EarthSnap**") both filed voluntary petition for relief under chapter 11, subchapter V of the Bankruptcy Code before this Court that same day, Case Nos. 23-11621-TBM and 23-11622-TBM.

11. The deadline for filing proofs of claim in Ralls' bankruptcy case was June 28, 2023. Case No. 23-11620-TBM, Docket No. 16.

12. On June 28, 2023, HI timely filed its proof of claim in the amount of $1,246,000.00. Case No. 23-11620-TBM, Claim No. 22-1. A true and correct copy of the proof of claim without exhibits is attached hereto as **Exhibit 1**.

13. Contemporaneously with the filing of this adversary proceeding, HI amended its proof of claim to address a scrivener's error and correct the amount claimed to $1,248,000.00. A true and correct copy of the proof of claim without exhibits is attached hereto as **Exhibit 2**.

14. HI also timely filed proofs of claim in the amount of $1,246,000.00 against Earth and EarthSnap in their respective bankruptcy cases. *See* Case No. 23-11621-TBM, Claim No. 13-1; Case No. 23-11622-TBM, Claim No. 7-1. HI amended those proofs of claim to address a scrivener's error and correct the amount claimed to $1,248,000.00 in each of those cases.

25867319

### III. BACKGROUND FACTS

**A. HI's Initial Investments Were Based Upon the False Statement That Ralls Owned the Earth.com Domain Through One of His Entities.**

15. Upon information and belief, Ralls incorporated EarthSnap on May 19, 2021.

16. Upon information and belief, Ralls incorporated Digital Earth Media, Inc. ("**DEM**") on May 26, 2021.

17. Upon information and belief, on or shortly after May 26, 2021, Ralls transferred all of his equity interests in Earth to DEM.

18. In or about August 2021, HI's principals were introduced to Ralls, who claimed to be a successful entrepreneur and the inventor/developer of "PlantSnap," a popular plant-identification app. At the time, Ralls was seeking a $750,000 investment in exchange for a minority equity stake in a new company he had just formed: DEM.

19. As stated by Ralls, the purpose of DEM was to hold a 100% interest in two subsidiaries: (1) Earth, an entity that owned the associated domain (Earth.com) and operated a sprawling company website and (2) EarthSnap, an entity that was developing an app that, using innovative AI technology, could purportedly identify both plants and animals.

20. To secure funds from HI, Ralls specifically touted the number of pages and volume of content on Earth.com's website, as well as the technology and intellectual property developed by EarthSnap, which Ralls described as the "holy grail of image recognition applications." These assets, Ralls posited, would potentially make DEM worth $250 million by 2024 based upon the "revenue generated by the Earth.com website and Earth.com mobile app, and the EarthSnap app."

21. Upon information and belief, EarthSnap and Earth are wholly owned and controlled by DEM.

22. Ralls advised HI that he held every officer position in Earth and EarthSnap.

23. Ralls is a director of Earth and EarthSnap.

24. Upon information and belief, Earth, EarthSnap, and DEM are each substantially controlled by and mere instrumentalities of Ralls.

25. Earth and its entire business depends upon and is built upon the Earth.com domain. Without the domain and the website hosted on that domain, Earth has nothing.

26. Aware that the only asset with significant present value was the Earth.com domain, HI specifically sought assurance from Ralls that Earth actually owned the underlying domain.

27. HI would have never invested in any of Ralls' entities had HI known that Ralls was misrepresenting ownership of the Earth.com domain.

3

28. On August 27, 2021, HI's principal explained to Ralls, "our main concern for investment is either the holding company or operating companies have legal title to the domain names since that is how we came up with valuation." A true and correct copy of an email exchange between HI's principal and Ralls is attached as **Exhibit 3**.

29. Minutes later, Ralls responded: "Yes, Digital Earth Media, Inc. is the holding company that owns Earth.com Inc. (website and domain name) and EarthSnap, Inc . . . I thought it would be better to keep the website and domain (Earth.com, Inc.) operations separate from EarthSnap operations." *See* **Exhibit 3**.

30. Two hours later, Ralls reiterated, "[t]o further clarify, Earth.com, Inc. . . . owns both the domain and the website." *See* **Exhibit 3**.

31. On other occasions, Ralls reaffirmed that he or his referenced entities owned the Earth.com domain.

32. Ralls and his entities have no ownership interest in the Earth.com domain.

33. Ralls' affirmation of domain ownership was a complete misrepresentation. At the time that Ralls expressly affirmed that he (through DEM and Earth) owned the Earth.com domain, Ralls knew that DEM and/or Earth did not, in fact, own the domain.

34. A true and correct copy of Earth's schedules and summary of assets and liabilities is attached as **Exhibit 4**. Rather, Ralls had merely signed a "Rent to Own Agreement" with the domain's owner, who, upon information and belief, was entitled to approximately $5 million in additional payments from Ralls (or DEM or Earth) before domain ownership would be transferred. *See* **Exhibit 4** at 2.

35. Upon information and belief, Earth rented the Earth.com domain pursuant to the Rent to Own Agreement dated June 27, 2016 between Ralls Enterprises, LLC and Innovation HQ, Inc. ("**Innovation**").

36. Upon information and belief, Earth defaulted on the Rent to Own Agreement within months of executing it.

37. Ralls intentionally concealed and did not disclose any of this information related to the Earth.com domain to HI Investments.

38. Days after Ralls misrepresented his ownership of the multimillion-dollar Earth.com domain in August 2021, HI wired $125,000 to Earth in exchange for an equivalent "bridge promissory note" from DEM. A true and correct copy of the Bridge Promissory Note dated September 1, 2021 is attached as **Exhibit 5.**

39. Two months later, on or about November 2, 2021, HI wired a second payment of $300,000 to Earth in exchange for another accompanying "bridge promissory note." A true and correct copy of the Bridge Promissory Note dated November 2, 2021 is attached as **Exhibit 6.**

40. On December 1, 2021, HI wired an additional payment of $175,000 to Earth, again obtaining a matching promissory note from DEM. A true and correct copy of the Bridge Promissory Note dated December 1, 2021 is attached as **Exhibit 7.**

41. On December 30, 2021, HI wired an additional payment of $150,000 to Earth, again obtaining a matching promissory note from DEM. A true and correct copy of the corresponding Bridge Promissory Note dated December 30, 2021 is attached as **Exhibit 8.**

### B. HI Became a Minority Equity Owner of One of Ralls' Entities After Ralls Continued to Make the False Representations.

42. On or about February 16, 2022, HI executed a Series Seed Preferred Stock Subscription Agreement ("**Subscription Agreement**") with DEM, agreeing to cancel all previously-issued Bridge Promissory Notes (totaling $750,000) in exchange for the receipt of 916,667 shares of DEM preferred stock. A true and correct copy of the Subscription Agreement is attached as **Exhibit 9**.

43. Upon the execution of the Subscription Agreement, HI became the owner of approximately 10% of DEM equity.

44. Ralls and DEM made several representations as part of the Subscription Agreement.

45. In the Subscription Agreement, DEM (through Ralls) affirmed that it had provided to HI complete and accurate financial information relating to Earth and EarthSnap "as of June 30, 2021." *See* **Exhibit 9** at § 3(g).

46. Notably, the June 30, 2021 balance sheet that Ralls provided for Earth (the "**Balance Sheet**") did not include a specific line item for the Earth.com domain name. A true and correct copy of the Balance Sheet and Earth's profit-and-loss statement is attached as **Exhibit 10**.

47. When asked about the omission, Ralls explained to HI's principal that he had previously depreciated the domain name's book value to $0, which was why the asset did not separately appear.

48. The same Balance Sheet notably did not disclose any liability for the $5 million that was owed to the domain's actual owner, Innovation HQ. If any domain rental payments had been made by Earth between January 1 and June 30, 2021, such payments were not disclosed on Earth's accompanying profit-and-loss statement. *See* **Exhibit 10**.

49. In the Subscription Agreement, DEM (through Ralls) expressly warranted to HI that there were no claims, actions, suits, or proceedings threatened or pending against DEM, Earth, or EarthSnap. *See* **Exhibit 9** at § 3(h).

50. In fact, as Ralls was well aware, he and Earth had been sued in Telluride, Colorado by Ralls' prior company, PlantSnap, Inc. ("**PlantSnap**"), in March 2021. On March 17, 2021, PlantSnap initiated an action against Ralls and Earth before the San Miguel County, Colorado District Court (the "**State Court**") in the case styled, *PlantSnap Inc. v. Ralls*, No. 2021CV30005 (Colo. Dist. Ct. San Miguel Cnty. Mar. 17, 2021) (the "**State Court Action**"). A true and correct copy of the complaint in the State Court Action is attached as **Exhibit 11**.

51. In its complaint in the State Court Action, PlantSnap asserted ten claims for relief, including: (1) a claim for a declaratory judgment that Ralls had been removed as an officer and director of PlantSnap; (2) a claim for conversion against Ralls and Earth; (3) a claim for civil theft against Ralls and Earth; (4) a claim for breach of fiduciary duties against Ralls; (5) a claim for aiding and abetting breach of fiduciary duties against Earth; (6) a claim for fraud against Ralls; (7) a claim for unjust enrichment against Ralls and Earth; (8) a claim for a constructive trust against Ralls and Earth; (9) a claim for tortious interference with contractual relationships against Ralls; and (10) a claim for a temporary restraining order and/or preliminary injunction against Ralls enjoining Ralls from acting on behalf of PlantSnap and ordering Ralls to immediately turn over access to PlantSnap's accounts. *See* **Exhibit 11**.

52. The underlying basis for PlantSnap's complaint was that Ralls and Earth were stealing from PlantSnap and using PlantSnap to engage in widespread, years-long fraudulent activity. *See* **Exhibit 11**.

53. Ralls intentionally concealed and did not disclose to HI the existence of the State Court Action.

54. In the Subscription Agreement, DEM (through Ralls) expressly affirmed that it owned or possessed sufficient legal rights to all patents, copyrights, trade secrets, information and proprietary rights "necessary for its business without any conflict with, or infringement of, the rights of others." *See* **Exhibit 9** at § 3(k).

55. Further, DEM promised that it had not received any notification that its business activities were in violation of another party's intellectual property rights. *See* **Exhibit 9** at § 3(k).

56. Contrary to these representations, Ralls knew that he was already litigating the ownership of the same intellectual property that he had assured HI would make DEM a "huge global success."

57. In the Subscription Agreement, DEM (through Ralls) expressly affirmed that it had disclosed (or was contemporaneously disclosing) to HI all "developments affecting the owned or leased properties or assets of the Company or its Subsidiaries that could detract from the value of such property or assets, interfere with any present or intended use of any such property or assets, or adversely affect the marketability of any such properties or assets." **Exhibit 9** at § 3(j).

58. Despite DEM's warranty, DEM had never disclosed to HI that DEM (or its relevant subsidiary) did not own the Earth.com domain, that Earth was in active breach of its lease

agreement relating to the domain, that Earth's valuable website was actually subject to repossession at any moment, and that Earth and Ralls were actively being sued for ownership and control of EarthSnap's only meaningful asset.

59. HI would have never signed the Subscription Agreement had HI known that Ralls was misrepresenting facts related to (1) the domain ownership; (2) the financials of Earth as of a certain date; (3) nonlitigation; and (4) its ownership of intellectual property.

### C. HI Made Additional Investments Based on Ralls' Continued False Representations.

60. Following the Subscription Agreement, DEM (through Ralls) induced HI to invest an additional $325,000 in DEM in April 2022. A true and correct copy of the Series Seed Preferred Stock Subscription Agreement dated April 19, 2022 (the "**April 2022 Subscription Agreement**") is attached as **Exhibit 12**.

61. Upon information and belief, on April 25, 2022, Innovation sent a letter to Ralls declaring a default under the Rent to Own Agreement and notifying Ralls of its intention to repossess the Earth.com domain.

62. Upon information and belief, neither Ralls, Earth, nor any affiliated entity cured the default under the Rent to Own Agreement, and Innovation repossessed the Earth.com domain.

63. DEM (through Ralls) induced HI to invest another $131,500 in June 2022. A true and correct copy of the Series Seed Preferred Stock Subscription Agreement dated June 27, 2022 (the "**June 2022 Subscription Agreement**") is attached as **Exhibit 13**.

64. HI transferred the relevant funds to DEM between February 2022 and June 2022. True and correct copies of HI's bank statements for that time period are attached as **Exhibit 14**.

65. In connection with HI's incremental investments, on or about April 19, 2022, and June 27, 2022, HI and DEM (through Ralls) executed two additional Stock Subscription Agreements. *See* **Exhibit 12**; **Exhibit 13**.

66. In each Subscription Agreement, DEM (through Ralls) reaffirmed all of its previous, false, February 2022 representations, relating to asset title, the accuracy of financial information, the disclosure of significant developments, the clear and undisputed ownership of intellectual property, and the non-existence of any adverse litigation. *See* **Exhibit 12** at §§ 3(g), 3(h), 3(j), and 3(k); **Exhibit 13** at §§ 3(g), 3(h), 3(j), and 3(k).

### D. Ralls Breached the Channel Partner Agreements and Diverted Funds Due to HI.

67. As an additional inducement to secure HI's funds, expertise, and ability to drive website/domain traffic, Earth (through Ralls) executed a "Channel Partner Agreement" with HI on or about June 27, 2022. A true and correct copy of the Channel Partner Agreement dated June 27, 2022 (the "**June Channel Partner Agreement**") is attached as **Exhibit 15**.

68. Pursuant to that contract, Earth—among other promises—promised to remit to HI 75% of the entity's subsequent monthly advertising profits, up to a total fee of $1,206,500. *See* **Exhibit 15** at § 2.2.

69. Upon information and belief, Ralls concealed ensuing revenues from HI, redirected funds to new accounts that he controlled, and otherwise acted to intentionally divert to himself funds that were due to HI.

70. Upon information and belief, Ralls never intended to honor Earth's profit-sharing obligations as set forth in the June Channel Partner Agreement.

71. As yet another inducement to secure HI's funds and expertise and ability to drive website/domain traffic, EarthSnap (through Ralls) also executed a "Channel Partner Agreement" with HI on or about August 15, 2022. A true and correct copy of the Channel Partner Agreement (the "**August Channel Partner Agreement**") is attached as **Exhibit 16**.

72. Pursuant to that contract, EarthSnap—among other promises—promised to remit to HI 75% of the entity's subsequent monthly advertising profits, up to a total fee of $1,251,000. *See* **Exhibit 16** at § 2.2.

73. Upon information and belief, Ralls concealed ensuing revenues from HI, redirected funds to new accounts that he controlled, and otherwise acted to intentionally divert to himself funds that were due to HI.

74. Upon information and belief, Ralls never intended to honor EarthSnap's profit-sharing obligations as set forth in the August Channel Partner Agreement.

75. HI subsequently made additional payments of $39,500 and $2,000 in August and October 2022, respectively, bringing HI's total investment in DEM and its subsidiaries to approximately $1,248,000.00.

**E.** **HI Was Defrauded by Ralls and Suffered Damages as a Result Thereof.**

76. HI was unaware of any claims or allegations against Ralls, DEM, EarthSnap, or Earth until after HI's principal received a subpoena in August 2022. A true and correct copy of the Subpoena for Production of Documents From Nonparty is attached as **Exhibit 17**. His attorney subsequently obtained the underlying San Miguel County complaint against Ralls and Earth.

77. When confronted by HI's principal about the lawsuit and the Earth.com domain ownership misrepresentation, Ralls candidly conceded that he had "never mentioned the earth.com issue"; but, Ralls asserted, with just a little more time and money, he would be able to pay back HI's "full investment asap."

78. On August 4, 2022, Ralls texted HI's principal a request for a $75,000.00 wire transfer along with the following statement: "I'm sorry that i never mentioned the earth.com issue, but I never really saw it as an issue…it was always [sic] a PlantSnap thing in my mind."

79. After HI's principal received the subpoena for the State Court Action, Ralls communicated to HI's principal that he did not mean to let him down and wanted to make things right. He further communicated, "You got involved in a mess that you should have nothing to do with."

80. At all times relevant herein, Ralls engaged in the dissemination of false or misleading statements and the concealment of material information that he was required by law and good conscience to disclose with the intent to defraud HI.

81. Based on the conduct described above, much of which is fraudulent and an abuse of the corporate form, Ralls is personally liable, both in contract and in tort, for the losses caused to HI.

82. Upon information and belief, and in violation of his duties and obligations to HI under DEM's governing documents and the various Subscription Agreements, Ralls also concealed and converted corporate assets and funds of DEM, EarthSnap, and Earth for his own personal benefit.

83. Upon information and belief, Ralls may have so improperly used or managed DEM, Earth and EarthSnap, or commingled assets, such that the various entities' corporate forms can and should be disregarded.

84. Upon information and belief, Earth and DEM are the alter egos of Ralls.

85. In reliance on Ralls' representations, HI made the following payments to Ralls and his entities, in a total amount of $1,248,000.00, as outlined below, without receiving any of its bargained-for benefits:

| Date | Amount | Entity |
| --- | --- | --- |
| September 1, 2021 | $125,000.00 | Earth.com, Inc. |
| November 2, 2021 | $300,000.00 | Earth.com, Inc. |
| December 1, 2021 | $175,000.00 | Earth.com, Inc. |
| December 30, 2021 | $150,000.00 | Earth.com, Inc. |
| February 18, 2021 | $50,000.00 | Earth.com, Inc. |
| February 23, 2021 | $146,600.00 | Earth.com, Inc. |
| March 2022 | $128,400.00 | Digital Earth Media, Inc. |
| June 2022 | $128,400.00 | Digital Earth Media, Inc. |
| August 2022 | $39,500.00 | Digital Earth Media, Inc. |
| October 7, 2022 | $2,000.00 | Digital Earth Media, Inc. |

86. HI has evidence of an admission from Ralls regarding his wrongdoing and received a promise from Ralls that he will return HI's monies to it. In the event that Ralls did not have the funds to give to HI, Ralls at one point proposed to reallocate the equity percentage of DEM so that HI would became the majority shareholder.

87. HI never received its monies from Ralls and was never made the majority shareholder of DEM.

88. The entirety of HI's monies were deposited into, or transferred into, accounts controlled by Earth, Ralls, and/or DEM.

89. Moreover, DEJ Partners, LLC ("**DEJ**"), a seed investor of PlantSnap, on September 23, 2022, filed "DEJ Partners, LLC's Second Amended Counterclaims and Third-Party Complaint" in the State Court Action, asserting claims against Ralls, Earth, EarthSnap, DEM, and another entity created by Ralls. *See* Case No. 23-11620-TBM, Docket No. 69 at 9. DEJ asserted, *inter alia*, claims against Ralls and Earth under the Colorado Uniform Fraudulent Transfer Act, a claim under the Colorado Organized Crime Control Act, a claim for fraudulent inducement against Ralls, Earth, EarthSnap, DEM, and another other entity, claims for breach of contract against Ralls, and a claim for specific performance against Ralls. *See* Case No. 23-11620-TBM, Docket No. 69 at 9.

90. On March 30, 2023, Ralls texted HI's principal that he intended to have his entities file for bankruptcy so that the automatic stay could be in place and stop the State Court Action "because trial date [sic] is coming up quickly."

91. On April 18, 2023, the day before Ralls filed for bankruptcy, the State Court entered an order in the State Court Action on the partial summary judgment motion of DEJ, ruling that Ralls is liable to DEJ under a breach of contract theory for $978,043.23 and that Ralls no longer owns his shares in PlantSnap. *See* Case No. 23-11620-TBM, Docket Nos. 25 at 1, 69 at 10.

92. Upon information and belief, there was an extensive amount of commingling between PlantSnap, Ralls, and Earth until DEJ took control of PlantSnap.

93. As of July 19, 2022, this Court granted PlantSnap relief from the automatic stay so that the State Court Action could continue against Ralls and Earth. *See generally* Case No. 23-11620-TBM, Docket No. 69. This will allow PlantSnap and DEJ to attempt to liquidate their claims in State Court.

94. Pursuant to Bankruptcy Rule 4001(a)(3), the Court's order does not become effective until August 2, 2023.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Conversion*

95. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

96. Ralls, acting under the auspices of DEM, Earth, and EarthSnap have wrongfully exercised dominion or ownership over HI's property, including all monies transferred.

10

25867319

97. HI has demanded that Ralls, DEM, Earth, and EarthSnap return HI's property.

98. Ralls and the entities he controls have not returned HI's property despite Ralls' promise to return monies to HI or to increase its equity ownership in DEM.

## SECOND CAUSE OF ACTION
*Civil Theft Under C.R.S. § 18-4-401*

100. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

101. C.R.S. § 18-4-401 (the "**Theft Statute**") defines theft, in relevant part, as:

A person commits theft when he knowingly obtains or exercises control over anything of value without authorization . . . and
(a) Intends to deprive the other person permanently of the use or benefit of the thing of value;
(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; [or]
(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use or benefit . . . .

102. Ralls, under the auspices of Earth, EarthSnap, and DEM, took and deposited monies that belonged to HI.

103. Ralls, under the auspices of Earth, EarthSnap, and DEM, took and exerted control or possession over property that belongs to HI, including all the monies transferred by HI.

104. Ralls' conduct was willful, wanton, and malicious.

105. Pursuant to C.R.S. §§ 18-4-401 and 18-4-405, Ralls, Earth, EarthSnap, and DEM engaged in civil theft and are indebted to HI for treble damages in an amount to be determined a trial plus interest at the statutory rate of 8% per annum.

106. Pursuant to C.R.S. § 18-4-405, HI is entitled to its reasonable attorneys' fees and costs incurred in connection with this action.

## THIRD CAUSE OF ACTION
*Breach of Fiduciary Duties*

107. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

108. Ralls, as an officer and director of DEM, owed fiduciary duties to DEM and DEM's shareholders, including the duty of loyalty and the duty of care, during all periods relevant to this action.

109. As a fiduciary, Ralls has a duty to protect the rights of DEM and HI, act openly and above board, manage the corporate affairs in good faith, and give DEM and HI the benefit of his best judgment and care.

110. Ralls also has a duty to put the best interests of DEM and its shareholders, including HI, over his own interests as an individual.

111. Ralls breached his fiduciary duties when he transferred funds from DEM, Earth, and EarthSnap to himself.

112. Ralls breached his fiduciary duties when he intentionally caused DEM to breach its contractual obligations to HI, made material misrepresentations to HI, and purposefully failed to disclose material information to HI despite a duty to do so.

113. HI directly suffered damages as a result of Ralls' breaches of fiduciary duties in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
*Aiding and Abetting Breach of Fiduciary Duties*

114. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

115. Earth, EarthSnap, and DEM, through Ralls, owed fiduciary duties to HI.

116. Earth, EarthSnap, and DEM breached their fiduciary duties to HI by misappropriating HI's funds, intentionally causing DEM to breach its contractual obligations to HI, making material misrepresentations to HI, and purposefully failing to disclose material information to HI despite a duty to do so.

117. Ralls knowingly participated in these breaches of fiduciary duties owed to HI.

118. HI directly suffered damages as a result of Ralls' contribution to breaches of fiduciary duties in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
*Fraud*

119. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

25867319

120. Ralls made false representations of material fact in connection with his solicitation and acquisition of funds from HI in 2021 and 2022, including but not limited to the misrepresentations he made in connection with the Subscription Agreement, Balance Sheet, April 2022 Subscription Agreement, June 2022 Subscription Agreement, June Channel Partner Agreement, and August Channel Partner Agreement.

121. Ralls knew his representations regarding the exclusive ownership and control of the Earth.com domain were false at the time he made them. He knew that these particular misrepresentations he was making related to the most significant and material matters that HI was concerned with.

122. Ralls knew his representations regarding the long-term viability, ownership, and exclusive control of the Earth.com website were false at the time he made them. He knew that these particular misrepresentations he was making related to the most significant and material matters that HI was concerned with.

123. Ralls knew his representations regarding the exclusive ownership and control of the app being developed by EarthSnap were false at the time he made them. He knew that these particular misrepresentations he was making related to the most significant and material matters that HI was concerned with.

124. Ralls knew his representations regarding the lack of any threats, contingencies, negative "developments," or adverse claims being asserted with respect to the EarthSnap app or the Earth.com website/domain were false at the time he made them. He knew that these particular misrepresentations he was making related to the most significant and material matters that HI was concerned with.

125. Ralls knew his representations regarding the ability of HI to recover its investment were false at the time he made them. He knew that these particular misrepresentations he was making related to the most significant and material matters that HI was concerned with.

126. Ralls had no intention to correct his false representations or disclose accurate information about the ownership of the Earth.com domain, the existence or seriousness of the State Court Action, the disputed nature of (and the alleged misappropriated nature of) EarthSnap's and Earth's intellectual property, and the developments relevant to EarthSnap and Earth's only significant assets.

127. Ralls had no intention to honor the June Channel Partner Agreement or the August Channel Partner Agreement.

128. Ralls made the false representations with the intent that HI would loan monies to or invest monies into his entities.

129. HI had no knowledge that Ralls, an officer and director of Earth and DEM at the time, made false representations at the time it provided funds to Earth and/or DEM or entered into

the Subscription Agreement, April 2022 Subscription Agreement, June 2022 Subscription Agreement, June Channel Partner Agreement, and August Channel Partner Agreement.

130. HI relied on Ralls' representations by transferring money to Ralls through Earth and DEM.

131. HI's reliance on Ralls' representations was reasonable under the circumstances described herein.

132. HI did not discover Ralls' representations were false, or otherwise have any reason to doubt Ralls' representations, until on or about August 2022.

133. Ralls' false representations and material omissions resulted in HI's damages in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
*Fraudulent Inducement*

134. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

135. Ralls made false and reckless representations and omissions of material fact to HI as described herein.

136. Ralls intended that HI rely on his representations and omissions in order to induce HI into transferring its monies to his entities.

137. HI reasonably and justifiably relied to its detriment upon Ralls' representations prior to entering into the Subscription Agreement, April 2022 Subscription Agreement, June 2022 Subscription Agreement, June Channel Partner Agreement, and August Channel Partner Agreement.

138. HI reasonably and justifiably relied to its detriment upon Ralls' representations prior to transferring its monies to Earth and/or DEM.

139. HI did not discover Ralls' representations were false until on or about August 2022.

140. As a direct and proximate result of Ralls' false representations, omissions, and fraudulent conduct, HI has been damaged in an amount to be proven at trial.

141. Ralls made the false representations with the intent that HI would invest monies into his entities.

14

25867319

### SEVENTH CAUSE OF ACTION
*Unjust Enrichment*

142. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

143. At HI's expense and to its detriment, HI conferred a benefit on Ralls when it transferred monies to Ralls (through Earth and DEM) but received no financial benefit from the monies paid or lent, the Subscription Agreement, the April 2022 Subscription Agreement, the June 2022 Subscription Agreement, the June Channel Partner Agreement, or the August Channel Partner Agreement.

144. Ralls, acting under the auspices of Earth, EarthSnap, and DEM, accepted or realized benefits conferred upon him by HI under circumstances that would make it unjust for Ralls to retain the benefits without paying commensurate compensation to HI.

145. As a majority shareholder, officer, and director of DEM, Ralls owed fiduciary duties to DEM and to DEM's shareholders, including HI.

146. Ralls breached his fiduciary duties by making improper distributions to himself, and by taking monies belonging to HI, and by making misrepresentations to HI.

147. Ralls' retention of the benefits he received violates the fundamental principles of justice, equity, and good conscience, and constitutes unjust enrichment.

148. As a direct and proximate cause of Ralls' actions as stated herein, HI suffered damages in an amount to be proven at trial.

149. HI has no adequate remedy at law.

### EIGHTH CAUSE OF ACTION
*Constructive Trust*

150. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

151. Ralls, Earth, and DEM obtained HI's monies by fraud and breach of fiduciary duties.

152. Ralls owed HI fiduciary duties to DEM as a majority shareholder, officer, and director of DEM.

153. Ralls breached his fiduciary duties by making improper distributions to himself and by taking monies belonging to HI.

15

154. A constructive trust should be created for HI's benefit, consisting of the amounts that were improperly transferred to Earth, DEM, and/or Ralls from HI.

NINTH CAUSE OF ACTION
*Nondischargeability of Ralls' Debt Under 11 U.S.C. § 523(a)(2)(A)*

155. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

156. Section 523(a)(2)(A) of the Bankruptcy Code provides that there is no discharge for an individual debtor of any debt for money to the extent obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . ." 11 U.S.C. § 523(a)(2)(A).

157. Ralls obtained HI's monies by actual fraud and false representations.

158. Ralls made false representations of material fact and fraudulently concealed the truth from HI.

159. Ralls made false representations of material fact when he told HI's principal that he—through his entities—owned the domain Earth.com, including through the various Subscription Agreements.

160. When Ralls made those representations to HI, he knew that he did not own the domain Earth.com.

161. Ralls had superior knowledge about the ownership of Earth.com compared to HI and its principal.

162. Ralls represented that he owned Earth.com through his entities in order to induce HI to make monetary investments to him through his entities.

163. When HI sought assurances that Ralls owned the Earth.com domain, Ralls continued to represent that he owned the Earth.com domain.

164. Ralls never disclosed to HI that he had merely signed a "Rent to Own Agreement" with the domain's owner, who, upon information and belief, was entitled to approximately $5 million in additional payments from Ralls (or DEM or Earth) before domain ownership would be transferred.

165. Ralls made false representations in connection with the June Channel Partner Agreement and August Channel Partner Agreement because he never intended to honor those agreements and remit payment to HI in accordance with those agreements.

166. Ralls made false representations when he repeatedly assured HI in each Subscription Agreement that DEM, Earth, and EarthSnap were not involved in any litigation.

16

25867319

167. Ralls made false representations when he repeatedly assured HI in each Subscription Agreement that DEM, Earth, and EarthSnap exclusively owned and indisputably controlled all intellectual property or other proprietary rights important to the entities' business operations.

168. Ralls made false representations when he repeatedly assured HI in each Subscription Agreement that Ralls had disclosed to HI all developments affecting any owned or leased properties of DEM, Earth, and EarthSnap.

169. Ralls made false representations when he repeatedly assured HI in each Subscription Agreement that Ralls had disclosed all developments that could detract from the value of any owned or leased property or interfere with its use.

170. Ralls made false representations when he repeatedly assured HI in each Subscription Agreement that the Balance Sheet information provided by Ralls was accurate.

171. Ralls had a duty to disclose the material facts that he concealed or failed to disclose to HI.

172. Ralls concealed or failed to disclose those facts with the intent of creating a false impression of the actual facts for HI and its principal.

173. Ralls made the representations with the intent that HI would rely on the representations.

174. HI justifiably relied on the representations made by Ralls.

175. The reliance by HI caused damages in the amount of its transferred monies.

176. The debt that Ralls owes to HI due to the monies he obtained from HI through his false representations and fraud is nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(2)(A).

TENTH CAUSE OF ACTION
*Nondischargeability of Ralls' Debt Under 11 U.S.C. § 523(a)(2)(B)*

177. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

178. Under section 523(a)(2)(B) of the Bankruptcy Code, if a debt is obtained by a statement respecting the debtor's financial condition, then the statement must be in writing for the debt to be discharged.

17

25867319

179. Through the use of materially false writing, Ralls misappropriated HI's funds.

180. Ralls made materially false representations in connection with the Subscription Agreement, Balance Sheet, April 2022 Subscription Agreement, June 2022 Subscription Agreement, June Channel Partner Agreement, or August Channel Partner Agreement.

181. Ralls made materially false statements in writing respecting his own and his entities' financial condition.

182. HI reasonably relied on these writings.

183. Ralls' actions were completed with an intent to deceive.

184. Ralls remains liable to HI for these actions.

185. As a result of Ralls' actions, HI was actually and proximately damaged in an amount to be proven a trial.

186. The debt that Ralls owes to HI due to the monies he obtained from HI through his use of materially false writings is nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(2)(B).

## ELEVENTH CAUSE OF ACTION
*Nondischargeability of Ralls' Debt Under 11 U.S.C. § 523(a)(4) for Larceny or Embezzlement*

187. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

188. Ralls willfully failed to remit payments to HI in connection with the June Channel Partner Agreement and the August Channel Partner Agreement.

189. Ralls embezzled property of HI and retained revenue for himself rather than paying HI in accordance with June Channel Partner Agreement and the August Channel Partner Agreement.

190. Ralls converted the property of HI for his own use.

191. Ralls had the intent to permanently deprive HI of its property.

192. The conduct of Ralls as alleged, which is a violation of the Theft Statute, constitutes larceny and embezzlement for the purposes of 11 U.S.C. § 523(a)(4).

193. The debt that Ralls owes to HI due to his larceny or embezzlement is nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(4).

25867319

TWELFTH CAUSE OF ACTION

*Nondischargeability of Ralls' Debt Under 11 U.S.C. § 523(a)(6) for Willful or Malicious Injury*

194. HI restates and realleges the allegations contained in each preceding paragraph of this Complaint as though fully set forth therein.

195. Under section 523(a)(6) of the Bankruptcy Code, an individual debtor will not get a discharge from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

196. Ralls intended to cause HI's injuries.

197. Ralls had knowledge that HI would have never made the investments in Earth or DEM had he not misrepresented that he owned through his entities the Earth.com domain.

198. Ralls had knowledge that HI would not have executed the Subscription Agreement had HI known that any of the representations made therein were false.

199. Ralls had knowledge of HI's rights to the monies owed under the June Channel Agreement and August Channel Agreement.

200. Ralls had knowledge that his conduct would cause particularized injury upon HI.

201. Ralls desired the consequences of his actions and/or was certain that HI's injuries would result from it.

202. Ralls' deceit was ongoing, willful, and malicious.

203. By taking HI's monies knowingly and deliberately and intending the injury of depriving HI of its use and benefit, Ralls acted willfully and maliciously.

204. HI has been injured, and those injuries arose from the willful and malicious acts perpetrated by Ralls.

205. HI's damages will result in a debt owed by Ralls to HI that arose from the willful and malicious acts perpetrated by Ralls.

206. As a result of these failures and activities, HI has and will continue to suffer losses and damages in the form of economic loss and lost profits.

207. The debt that Ralls owes to HI due to his willful or malicious injury to HI's property is nondischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(6).

## V. PRAYER FOR RELIEF

WHEREFORE, HI respectfully prays for relief against Ralls as follows:

a. For an award of damages—actual, consequential, expectation, restitution, reliance, and/or treble as allowed by law—in an amount to be determined at trial caused by Ralls' conversion, civil theft, breach of contract, breach of fiduciary duties, fraud, fraudulent inducement, and unjust enrichment, plus any interest if applicable;

b. For a declaratory judgment that the indebtedness of Ralls owed to HI in the amount as determined by the Court is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6);

c. For an order establishing a constructive trust for HI's benefit upon the amounts that were improperly transferred to Ralls and Earth from HI and any other property belonging to HI in the possession of Ralls, Earth, or any of their agents acting on their behalf;

d. For an award of HI's costs and attorneys' fees as allowed by C.R.S. § 18-4-405 and any of the various agreements for this action; and

e. For an order awarding such other and further relief as the Court deems just and equitable.

Dated this 24th day of July, 2023.

Respectfully submitted,

BROWNSTEIN HYATT FARBER SCHRECK, LLP

*/s/ Amalia Sax-Bolder*
Amalia Sax-Bolder, #54959
Suzanne K. Daigle, #58075
675 15th Street, Suite 2900
Denver, Colorado 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
asax-bolder@bhfs.com
sdaigle@bhfs.com

*Attorneys for HI Investments, LLC*

25867319